## CLINTON ALLEN, RESPONDENT, v. RUFUS WELCH, APPELLANT.

*Statute of champerty* — 1 R. S., 739, § 147 — *not applicable to cases of disputed boundary lines.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order made at Special Term, dening a motion for a new trial on a case and exceptions.

This was an action of ejectment to recover a narrow strip of land west of a highway and east of a brook. Both parties claimed under one Robinson, the common source of title, who owned land on both sides of the brook, in all seventy-six acres, which included the disputed strip. In 1848 he conveyed the east half of the seventy-six acres bounding the land conveyed, westerly, by the "centre of said brook." The plaintiff has this title by mesne conveyances, with the same description. In 1850 Robinson mortgaged the west part of the seventy-six acres bounding the mortgaged land easterly by the highway. The mortgage was foreclosed, and the defendant by mesne conveyances has this title. There was some evidence on the trial that the brook had, at some time, changed its place, and that it was now farther west than it had been in some past time, and it was claimed that at one time the brook was within the limits of the highway. The jury found for the plaintiff.

The court, at General Term, said : "It is further urged (and this is the principal point of the defendant's argument) that the plaintiff should have been nonsuited, on the ground that at the time of the delivery of several of the conveyances under which the plaintiff claims, the defendant was in possession of the premises in question. The statute provides that every grant of land shall be absolutely void if, at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to the grantor. (1 R. S. [m. p.], 739, §§ 147, 167.) * * *

"Again, the statute above cited was intended to prevent champerty, and the purchasing of titles from parties out of possession. It should not be unnecessarily extended in its effect. The present case is merely one of disputed boundaries. The plaintiff's grantor, and all from whom he took title, were in possession of the land which they sold ; except that, as the defendant claims, there was a dispute where the west boundary line ran. Now, it is plain that such a case is not within the evil at which the statute was aimed. Assuming that the defendant was in possession of the disputed strip, shall it be said that the deed to the plaintiff was void altogether, or even to the extent to which the defendant encroached ? Would it be a reasonable construction to say that if one of two adjoining neighbors entered upon and took possession of a strip of land between two disputed boundaries, the other could not make a valid sale of his farm until the end of a litigation of ejectment and the removal of the intruder ? I think not. This view is sustained by the case of *Crary* v. *Goodman* (12 N. Y., 266), and is favored by the doctrine in *Corning* v. *Troy I. and N. F.* (40 N. Y., 204). The exception of judicial sales from the operation of the statute shows that courts look to the intent rather than the words. (*Stevens* v. *Hanser* (39 N. Y., 306.)

It is true that the boundary between the two pieces of property is not described in the same manner in the two sets of conveyances. Still, the fact remains unquestionable that the question was simply one of a boundary ; each party admitting that the other was owner up to the line, wherever it might be, which lawfully divided them ; and, for this reason, I think that the statute of champerty did not apply."

*Charles A. Clark,* for the appellant.    *Charles D. Nixon,* for the respondent.

Opinion *per* LEARNED, P. J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order affirmed, with costs.